UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                        16-CR-5(LJV)

v.

CASEY SWAIN,

        Defendant.
_____

## **ORDER**

On August 22, 2016, the defendant entered a plea of guilty to bank robbery in violation of 18 U.S.C. § 2113(a). The factual basis for the plea consisted of five bank robberies committed either in the area of Buffalo, New York, or in Pennsylvania. After accepting the plea, this Court ordered the defendant to be detained pending sentencing because it is undisputed that the defendant committed a "crime of violence" under 18 U.S.C. § 3142(f)(1)(A). *See* 28 U.S.C. § 3143(a)(2) (the court "shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition . . . of sentence be detained" except in certain circumstances not applicable here).

On September 7, 2016, the defendant filed a motion for bail pending sentencing. Docket Item 21. According to defense counsel, the defendant also will be pleading guilty to state charges based on two other bank robberies—these occurring in Rochester, New York. Defense counsel argued that the defendant should be released under 18 U.S.C. § 3145(c) so that he can enter primary state custody and be sentenced

earlier on the state charges. Based on assurances from the state court judge, defense counsel believed that this would be beneficial regarding the total amount of time that the defendant may serve for all the bank robberies.

This Court may order the defendant's release if he "meets the conditions of release set forth in section 3143(a)(1)" and "it is clearly shown that there are exceptional reasons why [his] detention would not be appropriate." 18 U.S.C. § 3145(c). But as this Court suggested at oral argument, the defendant's state court charges do not constitute an "exceptional reason." Many defendants face both state and federal charges, and here the charges are based on entirely separate—albeit similar—robberies. For those reasons, the defendant's motion (Docket Item 21) is DENIED.

Nevertheless, at oral argument this Court did express its concern over the issues raised in the defendant's motion, and the government offered to look into whether there might be some vehicle other than release under § 3145(c) that could be used to address those issues.[1] The Court expected the parties to report back on those issues, but neither party reported to the Court in this regard. And on November 15, 2016, the parties both filed Statements with Respect to Sentencing Factors that contain briefing regarding the application of the sentencing guidelines, but neither mentioned the issues raised in the defendant's bail motion. The parties therefore are directed to submit, **by November 23, 2016**, briefing or a status report that addresses whether—and for what purpose, if any—this Court should consider the defendant's similar state charges in

---

[1] The parties also expressed interest in moving up the date of sentencing, which was scheduled for December 6, 2016. On November 16, 2016, the parties requested that the sentencing be moved to December 2, 2016, and this Court granted that request.

connection with the defendant's sentencing.  The parties' submission(s) may be joint or separate.

SO ORDERED.

Dated:  November 18, 2016
        Buffalo, New York

*s/Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE